[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence 29 December 1995 Date of Application 4 January 1996 Date of Application Filed 16 January 1996 Date of Decision 28 January 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford at Geographical Court Thirteen at Enfield. Docket Number CR94-94704.
Donald Cardwell, Esq., for the Petitioner.
John Malone, Esq., for the State of Connecticut.
BY THE DIVISION
The petitioner was convicted after plea to the crime of Manslaughter in the Second Degree in violation of Conn. Gen. Stat. 53q-56. At the time of sentencing the court imposed a sentence of six years suspended after serving three and one/half years, with probation for three years.
The record shows that the petitioner was traveling in her motor vehicle on I-91 Southbound in Windsor, Conn. The car was operated in a reckless manner and at speeds of 100 m.p. h. Witnesses stated the petitioner's car struck another car in the rear causing her car to strike the Jersey Barrier and then to become airborne and finally rolling over numerous times. During the incident the passenger in the petitioner's vehicle was ejected from the front seat and landed in the left lane of the highway. As a result of her injuries she died at Hartford Hospital.
At the hearing counsel for the petitioner emphasized that this was an accident caused by excessive speed. Admitting that traces of drugs were found in the petitioner's system at the time of the accident counsel sought to focus the panel on the operative element of the crime, excessive speed. Noting that an CT Page 1343 alternative incarceration program was not available to the petitioner at the time of sentencing counsel felt that jail was an inappropriate place for her. He felt that his client has served an appropriate amount of jail time to account for her actions and that there was not a good societal reason for her to remain incarcerated longer. Counsel brought to the panel's attention that the petitioner has a child that she should be home to rear. Counsel also suggested that if this panel reduced her sentence to three years or less he would then go back to the sentencing court and ask for a further reduction which would include a treatment program.
Petitioner spoke to the panel noting that she has learned that there is a better way of life than her past actions, and that she should be released as she has been incarcerated long enough. She expressed a desire to go to a program to continue her recovery.
The attorney for the state brought to the panel's attention the criminal record of the petitioner, which he characterized as substantial. He noted she was unable to complete successfully a probationary period under accelerated rehabilitation. He also pointed out to the panel that the petitioner was arrested for subsequent crimes while out on bond on this case. Counsel noted that her conduct in driving the car was reckless and that cocaine, opiates and benzol were found in her system on the day of the incident. He also noted that she was driving while her license was under suspension and claimed that her passenger was smoking cocaine but not her. Counsel also stated that the petitioner claimed that she was hit from behind but that all the witnesses contradicted that fact uniformally. In conclusion counsel felt that the trial judge acted more than reasonable and she gave her less than what she deserved.
The sentencing court noted the influence of cocaine in this accident and felt that the prison sentence she meted out was to underscore the importance of human life. From all the facts before this panel, it cannot be found that the sentence imposed was inappropriate or disproportionate in light of the nature of the offense, the character of the petitioner and the need to protect the public for such heinous crimes. A death was involved in this matter. The sentence is affirmed.
Norko, J. CT Page 1344
Purtill, J.
Klaczak, J.
Norko, Purtill and Klaczak, J's participated in this decision.